[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' OBJECTION TO MOTION FOR ADDITIONAL INTERROGATORIES AND REQUEST FOR PRODUCTION (#137)
The defendants in the present case object to the plaintiffs' Motion to Serve Additional Interrogatories and Requests for Production dated March 18, 1994, asserting that Production Request #1 improperly encompasses material protected as attorney work product. The disputed production request seeks "[c]opies of all photographs and witness statements in your possession;" which relate to the defendants' investigation of the pedestrian/motor vehicle accident giving rise to this lawsuit. The defendants assert that an attorney is involved in the accident investigation from the outset, that the investigation was performed at the attorney's direction, and accordingly that the related photos and documentation are protected as attorney work-product.
The work product doctrine protects an attorney's "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs and countless other tangible and intangible [items]." Hickman v. Taylor, 329 U.S. 495, 511,67 S.Ct. 385, 91 L.Ed. 451 (1945). "To be protected under this doctrine, the work of the attorney must be such that it forms an essential step in the procurement of data and must involve duties normally performed by attorneys." Stanley Works v. New Britain Redevelopment Agency, 155 Conn. 86, 95, 230 A.2d 9 (1967). The CT Page 3929 Practice Book rule protects materials prepared "in anticipation of litigation," and provides that no mental impressions, conclusions, opinions or legal theories of the attorney may be discovered. Practice Book 219. Other non-privileged materials prepared in anticipation of litigation may be discovered upon a showing of substantial need and undue hardship by the party seeking discovery. Id.
Insofar as the disputed request for production seeks statements of witnesses, a narrative of the witness' observations of the incident do not contain privileged material. See Carreira v. Veiga, 4 CSCR 573 (June 28, 1989, McDonald, J.). Moreover, a statement of an eyewitness taken soon after the incident "is a particularly fresh account of a person's perception which often times cannot be duplicated from a later memory." Hecht v. City of Milford, 3 Conn. L. Rptr. 506 (April 17, 1991, Jones, J.); see also Ishikawa v. McDonald, 7 Conn. L. Trib. No. 3, 12 (January 5, 1981, Berdon, J.). Therefore, the defendants' objection to the production request for "witness statements" is denied to the extent that the plaintiffs seek merely the witness' accounts of their observations of the incident in question.
The court reaches a similar conclusion with regard to the request for photographs. In the first place, taking photographs of an accident scene does not "involve duties normally performed by attorneys." Stanley Works v. New Britain Redevelopment Agency, supra.
Moreover, even if an attorney personally took the pictures, the resulting work product would not in itself indicate any "mental impressions, conclusions, opinions or legal theories of the attorney;" Practice Book 219; and it is highly unlikely that the plaintiffs could obtain the substantial equivalent of the contested photographs at this date. Accordingly, the plaintiffs are entitled to the requested materials under Practice Book 219[.] The defendants' objection to the plaintiffs' motion for additional interrogatories and requests for production is overruled.
Arena, J. CT Page 3930